| 175 619|
|s175 623|

Nathaniel Burt and Thomas M. Locke, Receivers, *v.* The Real Estate Exchange of Philadelphia, George H. Becker, George W. Carson, Henry Clay, William C. Stoever, Martin H. Stutzbach et al. William C. Stoever's Appeal.

*Corporation—Stock subscription—Insolvent corporation.*

A subscriber to the stock of a corporation who, after the insolvency of the company and notice to him that his stock would be sold unless assessments were paid, voluntarily assigns the certificate in blank and delivers it to the treasurer of the corporation, at his request, does not thereby relieve himself from liability for the unpaid portion of his subscription.

A transfer of shares in a failing corporation, made by the transferrer with the purpose of escaping his liability as a shareholder, to a person who from any cause is incapable of responding in respect to such liability, is void as to creditors of the company and as to other shareholders, although as between the transferrer and the transferee, the transfer may be valid and binding.

Argued Jan. 6, 1896. Appeal, No. 393, Jan. T., 1894, by William C. Stoever, from decree of C. P. No. 3, Phila. Co., Dec. T., 1890, No. 353, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to enforce a stock subscription.

The case was referred to George de B. Myers, Esq., as master, from whose report the facts appear as stated in the opinion of the Supreme Court.

The master recommended a decree against William C. Stoever for $121.59, to which exceptions were filed by the appellant and other defendants which were overruled by FINLETTER, P. J., and a decree entered against Stoever for $150.

*Error assigned* was above decree.

*Henry Budd,* for appellant.—By complying with the request of the company, the appellants parted with all opportunity of selling their stock elsewhere, and obtaining relief in fact, if not

in law, by the substitution of a solvent purchaser for themselves as stockholders. That obtaining such purchasers would have been a relief in fact cannot be doubted: Bell's App., 115 Pa. 88; Bunn & Lane's App., 105 Pa. 49.

A corporation may purchase its own stock when the act is done in good faith for the benefit of the corporation: Coleman v. Columbia Oil Co., 51 Pa. 74; Columbian Bank's Est., 147 Pa. 422.

This case is not like Miller v. Peabody Bank, 15 W. N. C. 76, for in that case the certificate was never delivered. Here the transferees had done everything they could; all that remained to be done was to be done by the company itself, at once the transferee and the custodian of the means of transfer.

The holder of a certificate of stock with an assignment and irrevocable power of attorney to transfer has both the legal and equitable title, although there be no transfer on the books: McNeil v. The Bank, 46 N. Y. 329; Burgess v. Seligman, 107 U. S. 32; Johnston v. Laflin, 103 U. S. 800; Vaughan v. U. S., 3 Binn. 394; Ross v. R. R., 53 Geo. 515; N. Y. & N. H. R. R. v. Schuyler, 34 N. Y. 31; McAllister v. Kuhn, 96 U. S. 87; Sendmeyer v. Assn., 50 Pa. 75; Finney's Appeal, 59 Pa. 400; Lanier v. Bank, 11 Wall. 369; Com'th v. Woodward, 4 Phila. 124.

*Thomas D. Finletter*, for appellee.—As to the question whether a corporation may purchase its own stock, the English decisions seem unanimously to negative the possession of this power, because the transferee must be a person capable of succeeding to all the liabilities of the transfer: Taylor on Private Corporations, sec. 747; Coleman v. Columbian Oil Co., 51 Pa. 74; Bank v. Fox, 3 Blatchf. 431; Columbian Bank Est., 147 Pa. 422; Currier v. Slate Co., 56 N. H. 262; German Savings Bank v. Wulfekuhler, 19 Kan. 60.

A transfer of shares in a corporation means the substitution of a new shareholder in place of an outgoing shareholder in the company, and an assumption by the former of all rights and obligations which attached to the transferring shareholder by reason of his ownership of the shares. This involves a novation of the contract of membership. The transferrer ceases to be a shareholder in the company. The transferee, on the

other hand, becomes a shareholder in place of the retiring member. He impliedly assumes all the obligations which rested upon the former holder as member of the company: Morawetz on Private Corporations, sec. 159; Taylor on Private Corporations, secs. 747–586; Act of April 29, 1874, sec. 7 (P. L. 73); Bell's App., 115 Pa. 88; Bunn & Lane's App., 105 Pa. 49.

OPINION BY MR. JUSTICE McCOLLUM, May 28, 1896:

The Real Estate Exchange of Philadelphia is an insolvent corporation, now and since October 26, 1891, in the hands of a receiver. It was incorporated November 11, 1886, and its authorized capital was $75,000, divided into shares of $50.00 each. The appellant subscribed for ten shares of the stock, paid ten per cent thereon, and received a certificate for the same. Ninety per cent of his subscription for it is still unpaid. In May, 1888, he caused the stock to be sold at auction, and it was bought by W. F. Deakyne for $2.00. As the corporation refused to transfer the stock to Deakyne without payment of a previous assessment upon it the sale was not perfected. On the 16th of May, 1888, the appellant was notified that the assessment was payable on or before the first of June, and as he did not pay it at or before that time he was, on the 11th of July, informed by the treasurer of the corporation that unless payment was made within the next ten days his stock or so much thereof as was necessary to meet the assessments upon it would be disposed of at public sale. At the expiration of the ten days he was still in default and the treasurer in a letter dated July 28, 1888, called his attention to it and said: "It is incumbent on the Exchange to advertise your stock for sale. If you wish to avoid the expense and avoid undesirable publicity you can do so by .calling at the Exchange before August 6th, and executing a transfer of your stock in blank." Acting upon the suggestion in the letter he caused a transfer of his stock to be made in accordance with it, and after that he appears to have considered himself as released from all liability arising from his connection with the corporation. But as the creditors of the concern did not accept his view of the effect of the transaction he was made a party to this suit in which it was adjudged that he was not released from liability as a stockholder and that he should pay to the receiver the unpaid assessments on the stock he subscribed

for. Is the adjudication in accordance with the law applicable to the controlling facts of the case? These, as found by the master, may be summarized thus, 1. When the appellant transferred his stock the corporation was insolvent. 2. The transfer was made for the purpose of escaping liability as a shareholder. 3. It was not entered on the books of the corporation and there was no designation at any time or place of a transferee. 4. While the appellant testified that the treasurer told him the letter of July 28 "was sent by the direction of the board," and "that the transfer of the stock in blank would be a release of all claims for past assessments" no action of the board authorizing the issuance of the letter or permitting the transfer in satisfaction of his liability as a shareholder was shown. The findings of the master appear to be well sustained by the evidence, and the accuracy of them is not called in question by any specification of error. It seems to be conceded that upon the facts as found by him the appellant is not released from liability to the creditors, but it is claimed that his liability is secondary and enforceable only after the other assets of the corporation, including the balances due on the subscriptions of the shareholders who have not executed transfers of their stock in blank, are exhausted. But this claim manifestly ignores the equities of such shareholders and the allowance of it would constitute a discrimination against them for which there is no warrant in the charter of the corporation, or in the law applicable to the facts of the case. The vice of the appellant's contention lies in the assumption that his relation to the creditors and shareholders of the corporation was changed by the transaction we have described, while the fact is that their rights and equities against him were unaffected by it. As against them the transaction did not constitute a valid transfer of his stock. "A transfer of shares in a failing corporation, made by the transferrer with the purpose of escaping his liability as a shareholder, to a person, who from any cause is incapable of responding in respect to such liability is void as to creditors of the company, and as to other shareholders, although as between the transferrer and the transferee, the transfer may be out and out:" Aultman's Appeal 98 Pa. 505. The appellant having transferred his stock in blank for the purpose of escaping his liability as a shareholder, and having failed to designate any transferee of it capable of

responding in respect to such liability, has no legal or equitable cause to complain of the decree appealed from.   The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.